UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN CLIETT,<br><br>        Petitioner,<br><br>    v.<br><br>L.E. SCRIBNER, Warden,<br><br>        Respondent.<br>_____ | Case No. CV 05-6616 SJO(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative Third Amended Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), all of the records herein, the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and respondent's objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made.

      The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections. Although the Court overrules all of the Objections, the Court specifically addresses certain objections below.

1    First, respondent objects to the recommendation that the state courts'
2 determination that petitioner's statement, "I choose to remain silent," was
3 ambiguous in light of context was contrary to Miranda v. Arizona 384 U.S. 436
4 (1966), and was an unreasonable determination of fact.  See Objections at 3-7; see
5 also 28 U.S.C. § 2254(d); Report and Recommendation at 25-27 (citing Anderson
6 v. Terhune, 516 F.3d 781, 787 (9th Cir.) (en banc), cert. denied, 555 U.S. 818
7 (2008)).  Respondent argues that no Supreme Court authority clearly establishes
8 that context is an inappropriate factor in deciding whether a suspect's "remain
9 silent" invocation was sufficiently ambiguous to permit clarifying questions.  See
10 Objections at 3.

11   Contrary to respondent's objection, as Anderson directs, the Court's
12 conclusion is that using context to render an otherwise unambiguous invocation
13 ambiguous is an unreasonable application of Miranda.  Anderson, 516 F.3d at 787-
14 89; Miranda, 384 U.S. at 73-74 ("if [an] individual indicates in any manner, at any
15 time prior to or during questioning, that he wishes to remain silent, the
16 interrogation must cease"); see also Berghuis v. Thompkins, 130 S. Ct. 2250, 2260
17 (2010) (acknowledging that if the suspect had said he wanted to remain silent or
18 did not want to talk to police, such "simple, unambiguous statements" would have
19 invoked the right to cut off questioning under Miranda); Bates v. Clark, 365 Fed.
20 Appx. 840, 841 (9th Cir. Feb. 17, 2010) (unpublished) (Ninth Circuit again holding
21 that "[i]t is an unreasonable application of Miranda and Davis v. United States, 512
22 U.S. 452 (1994), to use context 'to transform an unambiguous invocation into an
23 open-ended ambiguity.'") (quoting Anderson).  Absent contrary Supreme Court
24 authority or superseding Ninth Circuit authority, Anderson is binding on this
25 Court.  Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001) (stating that district
26 court may not "disagree with his learned colleagues on his own court of appeals
27 who have ruled on a controlling legal issue").  The deference accorded to state
28 court decisions on federal habeas review does not direct a different conclusion.  As

the Ninth Circuit recently explained, "[w]e defer when state courts reasonably adjudicate claims of federal right, even if we think they're wrong. But where, as here, a state court doesn't act reasonably, deference comes to an end." Doody v. Ryan, 649 F.3d 986, 1028 (9th Cir.) (Kozinski, J., concurring) (citing Harrington v. Richter, 131 S. Ct. 770, 786 (2011)), cert. denied, 132 S. Ct. 414 (2011). This Court is bound by Anderson.

Second, in arguing that the trial court's admission of Cliett's statements in violation of Miranda was harmless error, respondent has quoted from the portion of the Report and Recommendation which addresses sufficiency of the evidence. See Objections at 10 ("[T]he Report recommends, 'there was sufficient evidence to support the jury's conviction of petitioner on both the conspiracy to commit murder and the first degree murder counts' if a reasonable reviewer excludes Petitioner's statements under Miranda. Hence, while Petitioner's statements likely influenced the jury's verdict, that finding is insufficient justification to grant federal relief under Brecht [v. Abrahamson, 507 U.S. 619, 637 (1993)]."). Respondent incorrectly conflates the deferential sufficiency of the evidence standard of review under Jackson v. Virginia, 443 U.S. 307, 319 (1979), with the appropriate Brecht harmless error standard for reviewing the impact of the Miranda violation. See Arnold v. Runnels, 421 F.3d 859, 869 (9th Cir. 2005) ("The question posed for us is not whether the evidence was sufficient. . . . The question is whether the error influenced the jury.").

Under Brecht, an error is not harmless if it has a "substantial and injurious effect or influence in determining the jury's verdict." 507 U.S. at 637 (quotations omitted). The State, rather than petitioner, bears the "risk of doubt" in a Brecht harmless error analysis. Valerio v. Crawford, 306 F.3d 742, 762 (9th Cir. 2002) (citing O'Neal v. McAninch, 513 U.S. 432, 439 (1995)), cert. denied, 538 U.S. 994 (2003). As the Report and Recommendation explains, the error in admitting petitioner's statements after he invoked his right to remain silent was not harmless

"in light of the less than overwhelming other evidence in the case that implicated [petitioner] in the shooting." Report and Recommendation at 28. That there was sufficient other evidence to retry petitioner does not alter the Court's conclusion. Compare United States v. Moses, 137 F.3d 894, 905 (6th Cir. 1998) (Ryan, J., concurring) (noting that even if admissible testimony was sufficient to support a conviction under the Jackson standard, it was "highly probable" that inadmissible testimony tipped the scales in favor of conviction and therefore the error in admitting such testimony was not harmless error).

IT IS ORDERED that the Petition is conditionally granted based upon the constitutionally erroneous admission at trial of statements made by petitioner after his unambiguous assertion of his right to remain silent. Respondent shall discharge petitioner from all adverse consequences of the judgment in Los Angeles County Superior Court Case No. BA208312, unless petitioner is brought to retrial within ninety (90) days of the entry of the Judgment herein, plus any additional delay authorized under State law.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on petitioner and counsel for respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 22, 2011.

_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE